Roberto SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00115–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 29, 1986.

Emilio Martinez, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

Before CADENA, C.J. and REEVES, and TIJERINA, JJ.

TIJERINA, Justice.

This is an appeal from a revocation of probation. Appellant pleaded guilty to aggravated assault with a deadly weapon. His punishment was assessed at six years' confinement, but he was placed on probation. Appellant was subsequently arrested and charged with aggravated robbery, and after a hearing thereon, his probation was revoked.

In his sole ground of error, appellant contends that the trial court abused its discretion in revoking probation without evidence to establish the subsequent offense. He specifically complains that the identification by the complainant was impermissively suggestive and tainted; therefore, it was inadmissible evidence. The record reflects that a robbery occurred at the Maverick Market convenience store on January 9, 1985 at approximately 1:35 A.M. The store clerk provided police with a description of the clothing worn by the robber and the fact that he had a rolling pin in his right back pocket. Additionally, the police were given a description of the vehicle in which the robber fled the scene. Appellant

was arrested a few minutes later some nine blocks from the site of the robbery and brought back to the store. The clerk identified appellant as the robber, based on the clothing he was wearing. The description of the get-away vehicle matched the one appellant was driving when stopped, and a rolling pin was found in appellant's car.

Appellant correctly argues that a confrontation could be so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny an accused due process of law, citing *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Nevertheless, the Supreme Court in *Stovall, supra*, while frowning on the practice of showing suspects singly to persons for the purpose of identification, further stated: "However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it." *Id.*, 388 U.S. at 301–02, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206.

*Garza v. State*, 633 S.W.2d 508, 512–513 (Tex.Crim.App.1982), an attempted burglary case, addresses the issue now before us. In *Garza*, the complainants based the identification of the perpetrators entirely on the clothing they were wearing, while admitting they had not seen their faces. The court reviewed the case law in this regard, stating:

> [E]ven if an identification is suggestive and unnecessary, the admission of identification testimony does not violate due process so long as the identification possesses sufficient aspects of reliability.... [V]arious factors should be considered. Among those factors are: (1) the opportunity to view, (2) the degree of attention, (3) the accuracy of the description, (4) the witness' level of certainty, (5) the time between the crime and the confrontation.

*Id.* at 513, citing *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The *Garza* court, having considered that the witnesses were not able to view the facial features of the defendants at the time of the offense and that their identification was less than certain, nevertheless ruled that such matters go to the weight to be given the evidence and not to its admissibility.

 In the instant case, the complainant had "almost a minute" to view appellant, from which he was able to give an accurate description of appellant's clothing. The identification was made a very short period of time after the offense occurred. We must conclude there was not a substantial likelihood of irreparable misidentification. Following *Garza*, we hold that the fact that the complainant did not see the perpetrator's face at the time of the offense goes to the weight to be given the evidence and not to its admissibility. Accordingly, appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.