cr4-574.morgan 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00574-CR


NO. 03-94-00575-CR







Renard Keith Morgan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT


NOS. F94-53626-LR & F94-53625-MR, HONORABLE KEITH DEAN, JUDGE PRESIDING







PER CURIAM


 After a bench trial, Renard Morgan was convicted of burglary of a building and
unlawful possession of cocaine. (1) The court found an enhancement paragraph true in each case and
sentenced him to ten years' confinement in each case. Morgan raises a point of error against each
conviction. We will affirm the judgments of the trial court.



BACKGROUND


 Joanne Tyner looked out her kitchen window and saw a man walking in the alley
behind her house. She never saw his face, but noted his denim jacket with colorful patches. 
When the man climbed over her neighbor's fence, she called the police. As she watched, the man
went into her neighbor's storage shed, took four silver tire rims, climbed out of the yard, and
walked to the next house.

 The police came within eight minutes. They soon came back by the house with two
men, one of whom was wearing the same jacket as the burglar. When the policeman stood behind
the men one at a time, Tyner identified the man in the jacket as the burglar.

 Bennie Hayes owned the shed. She testified that the tire rims had been inside the
shed. She also testified that the shed door had been closed.

 Verl Tramel, the arresting officer, testified that, upon his arrival, Tyner directed
him to the location of the stolen property and described the burglar. As he left the yard where
the stolen property was, he saw Morgan coming around another house with a man. When Tramel
was within forty feet of the men, Morgan dropped a small camera case to the ground. Morgan
and his jacket matched the description Tyner had given. Tramel detained both men. When he
took them by Tyner's house, she twice identified Morgan as the burglar. Tramel picked up the
camera case and arrested Morgan.

 At the police substation, Tramel looked inside the camera case and saw a piece of
crack cocaine in a brown medicine bottle inside the case. His field test showed the presence of
cocaine. Subsequent laboratory tests confirmed that the case contained 3.4 milligrams of cocaine.



DISCUSSION


 By point of error one, Morgan contends that insufficient evidence supports the
conviction for the burglary of a building. In determining the legal sufficiency of the evidence to
support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). The indictment charged that Morgan unlawfully, knowingly, and intentionally entered a
building without the effective consent of Hayes, the owner, and committed and attempted to
commit theft. The court found him guilty of burglary.

 Morgan primarily challenges the identification evidence. Courts have upheld
convictions when eyewitnesses' identification testimony is based on the clothing the criminal wore
rather than particular facial features; such concerns go to the weight of the testimony. See Moore
v. State, 700 S.W.2d 193, 198 (Tex. Crim. App. 1985); Garza v. State, 633 S.W.2d 508, 512-13
(Tex. Crim. App. 1982); Sanchez v. State, 705 S.W.2d 304, 305 (Tex. App.--San Antonio 1986,
no pet.). Tyner identified Morgan within minutes of watching the theft. The brief interval
between seeing the burglary and identifying the burglar adds weight to the identification. The
Sanchez court found such evidence legally sufficient to support the identification. 705 S.W.2d
at 305.

 The State also proved the remaining elements. Though Tyner did not see him
remove the rims from the building, she saw him (empty-handed) enter the yard by climbing over
the fence and emerge from the yard carrying the rims, which Hayes said had been inside the
closed building. A reasonable factfinder could find all the essential elements beyond a reasonable
doubt. The evidence is legally sufficient. We overrule point one.

 By point two, Morgan complains that the court erred by denying his motion to
suppress the admission of the cocaine. He argues that, since the officer had no reason to arrest
him, the seizure of the camera case was tainted and the court should not have admitted the
evidence. The State contends that the property was admissible as abandoned evidence. See
Hawkins v. State, 758 S.W.2d 255, 257 (Tex. Crim. App. 1988).

 Police can take possession of abandoned property without impinging on Fourth
Amendment rights. See U.S. Const. amend. IV; Hawkins, 758 S.W.2d at 257. The abandonment
must be intentional and voluntary. Id. at 257. It cannot be the product of police misconduct such
as illegal arrest. Id. at 257-58.

 The evidence in this case shows the police properly took possession of the camera
case. There is no evidence of police misconduct. The evidence shows that Morgan abandoned
the camera case upon seeing the officer; there is no indication that the officer had spoken to
Morgan, much less detained, restricted, or arrested him. The policeman's actions here were less
intrusive than those found not to be a stop in Michigan v. Chesternut, 486 U.S. 567 (1988); see
also California v. Hodari D., 499 U.S. 621, 627-28 (1991) (persons not "seized" until they yield
to show of force); Johnson v. State, No. 1340-93 (Tex. Crim. App. June 28, 1995) (holding that
Hodari D. analysis applies to Texas constitutional provision). In Chesternut, the court reaffirmed
that a person is seized within the meaning of the Fourth Amendment only if, in view of all the
circumstances, a reasonable person would have believed that he was not free to leave. 486 U.S.
at 573. Chesternut began to run upon seeing a marked police car. The officers followed him in
their car at a slow pace without speaking to him or turning on the siren. As they pulled their car
up beside him, the officers saw him discard a number of packets which turned out to contain
narcotic pills. The court held that, though the trailing police car may have intimidated him,
Chesternut had not been seized. 486 U.S. at 574-75. Like Chesternut, Morgan intentionally and
voluntarily abandoned the evidence upon seeing the police, uninfluenced by any police
misconduct. The court did not err in failing to exclude the evidence on that basis. We overrule
point two.



CONCLUSION


 We affirm the judgments of the trial court.


Before Justices Powers, Kidd and B. A. Smith

Affirmed on Both Causes

Filed: August 23, 1995

Do Not Publish

1.   The statutes violated have since been amended. Burglary: Penal Code, 63d Leg.,
R.S. ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. §
30.02, since amended); possession: Controlled Substances Act, 71st Leg., R.S., ch. 678, sec.
1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936-37 (Tex. Health & Safety Code § 481.115,
since amended).